IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MOHMAD TAMIMI, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:23-cv-00614-M |
| GIANCARLO MESSINA, et al., | § § § | |
| Defendants. | § § § § | |

## MEMORANDUM OPINION AND ORDER

For the following reasons, Defendant Giancarlo Messina's Motion to Dismiss (ECF No. 14) is **GRANTED** and Messina is **DISMISSED WITHOUT PREJUDICE** with all costs taxed to the party incurring same.

**I.   Factual Matters**

Plaintiff Mohmad Tamimi D/B/A Dallas Entertainment, LLC, alleges that Defendants fraudulently convinced him to invest $400,000 in a concert proposal. ECF No. 8 ¶¶ 11–17. Tamimi states that dismissed Defendant William Pletch introduced Tamimi to Defendant Carlos Bethencourt, and Tamimi was informed about a concert that would provide assistance to non-profit organizations while being "very profitable" to investors. *Id*. ¶ 11. The Complaint asserts that Bethencourt enlisted his attorney, Defendant Giancarlo Messina, to set up a dummy corporation, Defendant Carlos Bethencourt, LLC, and to draft a contract between Carlos Bethencourt, LLC and Dallas Entertainment, LLC. *Id*. ¶ 13. Plaintiff also asserts that Messina provided his law office bank account details and in April 2019, through a succession of three wire transfers, Plaintiff allegedly deposited $400,000 in Messina's "Law Office Trust Fund,"

1

which Plaintiff claims Messina then wired "to Mr. Bethencourt without any authorization or explanation of what was to be done with the money." *Id.* ¶ 15.  Tamimi alleges that Messina and Pletch were paid, and Mr. Bethencourt disappeared. *Id.* ¶ 16.  When Tamimi's lawyer called Messina, Plaintiff claims Messina first denied knowledge of the funds ever being deposited, before refreshing his memory, but insisted that he had no knowledge of what happened to the funds once they were wired to Mr. Bethencourt. *Id.* ¶ 17.

Messina moves to dismiss for lack of personal jurisdiction and failure to effectuate service.  ECF No. 14.  Messina states that he is an attorney practicing law in Florida at a law firm with its principal place of business in Florida, does not live in Texas, has never been licensed to practice in Texas, has not appeared in court in Texas as a lawyer, and does not and has never owned real property or maintained a bank account in Texas. *Id.* ¶¶ 2–3.  Messina admits working for Bethencourt in connection with his dealings with Tamimi, but states that all the related work occurred in Florida. *Id.* ¶ 3.[1]

Messina moves to dismiss under Fed. R. Civ. P. 12(b)(2) and 12(b)(5).  As Rule 12(b)(2) provides a sufficient basis to grant the motion, the Court does not reach arguments made under Rule 12(b)(5).

## II.     Legal Standard

If a court lacks personal jurisdiction, it cannot adjudicate the merits of the asserted claims.  *Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 231–32 (5th Cir. 2012) (affirming district court's decision to dismiss case for lack of personal jurisdiction, without separately ruling on the defendant's pending Rule 12(b)(6) arguments).  When a defendant

---

[1] The Court notes that Messina spells Carlos's last name differently than does Tamimi.  As Carlos has not appeared in this case and the parties do not append any documents reflecting the correct spelling, the Court uses the spelling suggested by Plaintiff.

2

challenges personal jurisdiction under Rule 12(b)(2), the plaintiff bears the burden of "mak[ing] a prima facie showing that personal jurisdiction is proper." *E.S. v. Best W. Int'l, Inc.*, 510 F. Supp. 3d 420, 425 (N.D. Tex. 2021) (Lynn, C.J.) (quoting *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 431 (5th Cir. 2014) (internal citation omitted)). The Court "must accept the plaintiff's uncontroverted allegations, and resolve in [his] favor all conflicts between the facts contained in the parties' affidavits and other documentation." *Id*.

Personal jurisdiction may be exercised over a defendant when a state's long-arm statute authorizes service of process, and the assertion of jurisdiction would be consistent with the requirements of due process. *Castro v. Georgetown Univ.*, No. 3:18-CV-645-M, 2018 WL 3862076, at *1–2 (N.D. Tex. Aug. 14, 2018) (Lynn, C.J.) (citing *Pervasive Software Inc.*, 688 F.3d at 220). Because the Texas long-arm statute is coextensive with the limits of due process, the Court need only analyze whether the exercise of personal jurisdiction would violate due process. *See Purcel v. Advanced Bionics Holding Corp.*, No. 3:07-CV-1777-M, 2008 WL 4790998, at *1 (N.D. Tex. 2008). Due process requirements are satisfied if the non-resident defendant has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945) (internal quotations omitted).

Two types of minimum contacts support personal jurisdiction over a defendant: contacts that give rise to general jurisdiction and contacts supporting specific jurisdiction. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 418 (1984). In a case concerning personal jurisdiction over a non-resident attorney, the Fifth Circuit summarized specific and general jurisdiction as follows:

> For specific personal jurisdiction, a plaintiff makes a prima facie showing of minimum contacts when his claim arises from the defendant's contact with the forum. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). For general personal jurisdiction, a plaintiff makes the requisite showing when that defendant's contacts are "continuous and systematic," so that the exercise of jurisdiction is proper irrespective of the claim's relationship to the defendant's contact with the forum." *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 485 (1952).

*Companion Prop. & Cas. Ins. Co. v. Palermo*, 723 F.3d 557, 559 (5th Cir. 2013).

### III.     Analysis

This Court lacks personal jurisdiction over Messina. Tamimi does not dispute Messina's assertions, including that he has never appeared in any court in Texas as a lawyer and that all work related to this litigation occurred in Florida. The only contacts with Texas alleged by Tamimi are that Messina drafted the contract ultimately agreed to by a Texas corporation and then provided his law office bank account's details for three wire transfers from Texas in connection with Plaintiff's contract with Carlos Bethencourt, LLC. All of Messina's actions relate to conduct in Florida, not Texas. Messina's one or two contacts with a Texas resident do not add up to continuous and systematic contact that would support general jurisdiction and his actual activities are less than the minimum contacts required to support specific jurisdiction. *See generally Star Tech., Inc. v. Tultex Corp.*, 844 F. Supp. 295 (N.D. Tex. 1993) (where the district court found no personal jurisdiction over a non-resident attorney whose sole contacts in Texas were in connection with representing in litigation a client who had been adverse to the plaintiff who sued him); *see also Companion Prop. & Cas. Ins. Co.*, 723 F.3d at 558; *Gray, Ritter & Graham, PC v. Goldman Phipps PLLC*, 511 S.W.3d 639, 657–58 (Tex. App.—Corpus Christi–Edinburg 2015, no pet.).

Tamimi does not make a prima facie showing of minimum contacts of Messina in Texas that would satisfy due process. Therefore, the Court **GRANTS** his Motion to Dismiss.

**SO ORDERED**.

December 20, 2023.

_____
BARBARA M. G. LYNN
SENIOR UNITED STATES DISTRICT JUDGE